The court
were of opinion, that the indorsements on the bond, enlarging the time specified in the condition, and having reference particularly to the condition, without which they cannot bd understood, must be taken as part of the condition, and as modifying, in part, the original contract, or rath pi continuing it.; and, there tore, that the replication was not a departure in pleadmg, ana that the ex. tended time might be consistently set iorth in the replication, as the trae condition substituted in place of the original contract, as the defendant had not set forth the indorsements in his plea.
The indorsements were under seal, and made previously ¡to the 4th of March, in the condition mentioned, it was an action on the bond, after the condition was altered by specialty, and the old contract was done away, and redelivery must have been made. The indorsements part of the contract.
Motion granted.
Note. See 2 Hayw. 111. Bryer’s Executors v. Stewart. Debt. Plea. Non est factum, and null agard fait. Plaintiff replied on award, and set it forth; made before 8th May, after the time limited. Demurrer and joinder
Per cur. The deed in defendant’s bands, with the indorsement on it, proves that the condition was altered by the parties, and a new delivery; and this the true condition. See 6 Mod 237. 3 T. R 592. Cowp See 2 Hayw. 99. The indorsement must appear to be made bsfore the delivery of the bond, in pleading.